The next matter on our calendar is Heather Graben v. Marymount Manhattan College. Good morning, your honors. I'm Michael Confusio and I represent the appellant, Ms. Graben. Were you either of her attorneys below? I was not. I'd like to focus really on an argument in the brief that I think is kind of the most narrow basis upon which the court could rule in favor of my client. And that's the issue about whether or not the district court abused its discretion in not permitting the supplementation of the summary judgment opposition. If the court recalls, there was a first summary judgment motion that was denied when the case was set for trial. Then the judge made a series of eliminating motions, and on that ground allowed the defendant to make a second motion for summary judgment. Well, it changed the terrain pretty dramatically, didn't it? It did. From an evidentiary standpoint, it certainly did from going forward at the trial. What my primary argument really is here is that I think that the court can say that the district court abuses discretion in not allowing the supplementation of the record on the opposition of summary judgment. I mean, I think if the court looks at the factors that I cited in the case. Well, what did your predecessor bring to the court that would supplement the record? I mean, I would be more interested in your argument if you could show that the lawyer came to the court and said, here's an affidavit from Dr. Smith which says the following things, and we want to put that in. Now, there's still a problem that the other side has. We'd be starting all over again, really, with discovery. They'd have the opportunity to depose that doctor to inquire into his or her qualifications. They'd have the opportunity to develop an expert of their own. And a district court might well say, oh, no, we're not starting the case over again at this stage when we were on the verge of trial. But at least there would have been something. But what was there other than a bare request, let's start over again, without even saying, I've got a doctor. I've got this doctor who says this information. Yeah, I agree with Your Honor. It certainly would make my position here stronger in the appeal. I think what they identified was additional medical records, including the Pocono medical records. But they're the same medical records, in effect. I mean, they may be different records, but they're saying the same things, which is the patient reports that she has this diagnosis. It doesn't say anything about the causation issue that links the diagnosis to the illnesses that cause the absence from class. It doesn't even say, we gave a test and found this disease. It doesn't say, we found this condition, and it's the serious kind of the condition, as opposed to the minor version of the condition. Well, there is one record, apparently, during her pregnancy that was an objective test. That was in the Pocono medical records. I cited in my brief that objectively says she's diagnosed as having thalassemia. It was the minor kind of thalassemia, though, that was the diagnosis. It was before and was not related in any way to the symptoms that she suffered that caused her to miss class. Right. I think part of the problem, Your Honor, I agree, is that we don't have the medical doctor's opinion that was submitted below by the trial counsel. I think what I would go back to is it's the unusual, I guess, procedural posture of the case. I think if the court looks at the record of the case and how many continuances were granted to the defendant's side, the fact that the case was set for trial, that the fact that the pretrial order was entered, and then from there, when the court made an eliminator ruling, which I noted in my brief, is really not a basis, typically, for a summary judge of motion. It's really to set the parameters of evidence that was to be received before the jury. I think given that and given the factors I cited in my brief, I think that this court could say that the district judge abused their discretion in not permitting the plaintiff the opportunity to supplement with the new attorney below to the summary judgment. And if supplementation had been allowed, if an affidavit, for example, Your Honor, from her treating physician was submitted, then I think the case clearly falls under the Rodriguez and is sufficient to survive summary judgment. So, in effect, what my argument really is is that... Well, but you'd be reopening discovery, right? I understand it would be the treating physician, but the treating physician, and I'm not suggesting the treating physician wouldn't have the expertise to give opinions, only that the testimony would be expert testimony. It wouldn't just be, I gave this test to you, or I saw this patient, she had a broken leg, or whatever. It would be explaining the science and the medicine behind this, and that would require an expert report, an expert deposition, and give the other side the opportunity to have its own expert to contest that. Agreed. So it would be reopening discovery in that regard. In that regard, it would certainly on that, Your Honor. I agree. They certainly would be entitled to depose the doctor. And then if they felt that the doctor's conclusion medically on the impairment was sketchy, they could get their own expert. Right. So it would be in that regard, but I think that that could be, could have been addressed really by payment of cost to the defendant's counsel and the like, something short of what essentially was a dispositive ruling dismissing the plaintiff's entire case. And I think that's really what I think is the most narrow basis upon which this court could grant relief. I think if you go beyond that and you just look at the record as it was submitted to the district court, the district judge's analysis on whether or not that evidence, without any kind of medical doctor note, satisfies the definition of disability under the Rehabilitation Act, is a much more difficult question. And I think that's very difficult to make that argument. I've laid out the argument in my brief, and I really don't have anything else to add to that argument here. But I think what I would submit is the court should focus on the procedural posture and say that the court abuses discretion in not allowing the supplementation. Thank you. Thank you, Your Honors. We'll hear from Marymount Manhattan College. Thank you, Your Honor. I'm Phil Simpervivo, and I am here, as you've just indicated, on behalf of Marymount Manhattan College, the appellee. And I guess I will also cut to the chase if we're going to talk about abuse of discretion. And Your Honors really hit our arguments right on the point. Not only was counsel seeking to hit the reset button, but it was almost as if you would play the same tape again. When that request came in to supplement the record, the elephant in the room was really, well, where's the affidavit from the doctor? Why are you going to supplement the record with it without anything? So the court had nothing to work with, and clearly this is not an abuse of discretion. Has that affidavit ever appeared? Absolutely not, Your Honor. So you don't even know who the treating physician is? There are various physicians, but we have not seen anything from a treating physician that has diagnosed her with thalassemia. It's only her hearsay points to records along the way. I once was diagnosed with this in reference to minor thalassemia, as Your Honor has pointed out as well. So when the court receives this request, it's sitting there that, well, where is the record? Why would we do this again? Why would we go back several months now when we have a pretrial order and start again when you've given me nothing? Clearly, the decision by the district court was sound and perfectly within discretion of the court to say no to plaintiffs in this instance. As far as the issues on the summary judgment itself, I believe counsel has already indicated that he sees the light, and I appreciate that he wasn't counsel below, but he sees the light that you can't make the arguments to prevent the summary judgment determination ultimately in this case based upon the record evidence. So if there's no other questions, we simply rely on our presentation. Thank you, counsel. Thank you. And, counsel, you reserve three minutes for rebuttal. I will not use anywhere near the three minutes. The only thing I would point out is that, and again, this is part of the record. It's in my appendix at 926 to 1003 of the appendix. Those are the additional medical records that the plaintiff did submit. Did you ever submit the name of the treating physician? The treating physician, him or herself, was not specifically identified, other than that they're reflected in these additional medical records. Is the treating physician listed in the medical records? Yes, they're identified. Well, but is there any statement as to which of those treating physicians was prepared to come and testify? Not that I saw in the record, Your Honor. By the way, out of curiosity, did your client ever go back and finish her degree? No. So, and I know the court is familiar with the facts of the case. Yeah. Thank you both. Thank you, Your Honors. We'll reserve decision.